Lloyd Ambinder, Esq.
Virginia & Ambinder, LLP
40 Broad Street, 7th Floor
New York, New York 10004
Tel: (212) 943-9080

Innessa M. Huot, Esq.
Faruqi & Faruqi, LLP
685 Third Avenue, 26th Floor
New York, NY 10017
Tel: (212) 983-9330

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY– NEWARK DIVISION

| | |
|---|---|
| JEFFREY A. STUBITS, individually and on behalf of all other persons similarly situated who were employed by DENVILLE LINE PAINTING, INC., <br><br> Plaintiff, <br><br> - against - <br><br> DENVILLE LINE PAINTING, INC., <br><br> Defendant. | CIVIL ACTION <br> FILE NO: 18-cv-649 <br><br> **CLASS ACTION** <br> **COMPLAINT** |

Named Plaintiff Jeffrey A. Stubits ("Named Plaintiff"), by his attorneys, Virginia & Ambinder, LLP and Faruqi & Faruqi, LLP, alleges upon knowledge to himself and upon information and belief as to all other matters as follows:

## PRELIMINARY STATEMENT

1. This action is brought on behalf of Named Plaintiff and a putative class of individuals (collectively "Plaintiffs") who, as employees of Denville Line Painting, Inc. ("Denville"), seek to recover wages and benefits for work performed on publicly funded paving projects in New York and New Jersey (collectively referred to as the "Projects").

2. Plaintiffs allege that between January 2012 and the present they performed pavement marking work in New York and New Jersey such as installation or application of paint,

epoxy, thermoplastic, polyurea, installation of tape, pavement reflectors, lens replacement and similar tasks, and that Denville failed to pay contractually and/or statutorily required prevailing wages and supplemental benefits.

## JURISDICTION

3.  This Court has original jurisdiction over this action pursuant to the diversity jurisdiction, 28 U.S.C. § 1332. The parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.00.

## VENUE

4.  Venue is appropriate in this Court under 28 U.S.C. § 1391(b)(2), as a substantial part of the events that give rise to this action took place in the District of New Jersey, Newark.

## PARTIES

5.  Named Plaintiff Stubits resides in New York.

6.  Defendant DENVILLE LINE PAINTING, INC. is incorporated in the state of New Jersey. Upon information and belief, DENVILLE LINE PAINTING, INC. maintains its principal place of business at 2 Green Pond Road, Rockaway, New Jersey 07866.

## CLASS ALLEGATIONS

7.  This action is properly maintainable as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

8.  This action is brought on behalf of the Named Plaintiff and a class consisting of every other person who performed paving, painting and construction-related work on Projects in New York and New Jersey between January 2012 and the present.

9.  Named Plaintiff and members of the putative class are victims of Denville's common policy and/or plan to not pay prevailing wages and supplemental benefits for all work

performed by Named Plaintiff and members of the putative class on the Projects.

10. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 40 individuals. In addition, the names of all potential members of the putative class are not known.

11. Questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to: (1) whether Denville entered into contracts that required the payment of prevailing wages and supplemental benefits to Named Plaintiff and members of the putative class; (2) whether Denville had a statutory and/or contractual requirement to pay prevailing wages and supplemental benefits for the work performed on Projects; and (3) whether Denville paid the Named Plaintiff and members of the putative class at the proper prevailing wage and benefit rate for all hours worked and under the correct trade designation.

12. The claims of the Named Plaintiff are typical of the claims of the putative class members. The Named Plaintiff, like all members of the putative class, worked on the Projects and was subject to Defendant's policies and willful practice of refusing to pay employees prevailing wages and supplemental benefits. The Named Plaintiff and putative class members have thus sustained similar injuries as a result of the Defendant's actions

13. Named Plaintiff and his counsel will fairly and adequately protect the interests of the putative class. Named Plaintiff has retained counsel experienced in complex wage and hour class action litigation, and in particular litigation relating to unpaid prevailing wages and supplemental benefits.

14. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The Named Plaintiff and putative class action members lack the

financial resources to adequately prosecute separate lawsuits against Defendant. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendant's policies.

## **FACTS**

15. Upon information and believe, since at least January 2012, Denville has been a party to various contracts with prime contractors or with various state, county and municipal entities to perform installation or application of paint, epoxy, thermoplastic, polyurea, installation of tape, pavement reflectors, lens replacement and similar tasks at the sites of the Projects (the "Contracts").

16. Upon information and belief, the Contracts that govern the Projects located in New York and New Jersey each contain a provision that requires Denville to pay workers employed on the Projects an hourly rate of prevailing wages and supplemental benefits set by the Comptroller of the City of New York, the New York State Department of Labor, the U.S. Department of Labor or the New Jersey Department of Labor depending on the worker's trade designation and the location of the Project.

17. Upon information and belief, a schedule of the prevailing rates of wages and supplemental benefits were annexed to, or incorporated by reference, in each of the Contracts governing the Projects.

18. This promise to pay and ensure payment of the prevailing wage and supplemental benefit rates in the Contracts was made for the benefit of all workers furnishing labor on the Projects and, as such, the workers furnishing labor on the sites of the Projects are the beneficiaries of that promise.

19. In addition, pursuant to New Jersey Statute §§ 34:11-56.27; 34:11-56.28, each of

the Contracts governing work on the New Jersey Projects contain a provision specifying the prevailing wage and benefit rate to be paid to all Plaintiffs employed on the New Jersey Projects.

20.     The "prevailing rate of wage" and "supplemental benefit" is the rate of wage and benefit paid in the locality by virtue of collective bargaining agreements between bona fide labor organizations and employers of the private sector. *See* New Jersey Statute §§ 34:11-56.27; 34:11-56.28.

21.     Upon information and belief, a schedule of prevailing rates of wages and supplemental benefits to be paid to all workers furnishing labor on each of the New Jersey Projects was annexed to and formed a part of the New Jersey Contracts.

22.     Upon information and belief, the New Jersey Contracts further required Denville to oversee the performance of the work, and to ensure that workers employed at the New Jersey Projects were paid prevailing wage and supplemental benefits.

23.     New York State Labor Law § 220 provides that the wages to be paid to laborers, workmen and mechanics upon public work shall not be less than the "prevailing rate of wages."

24.     The "prevailing rate of wage" is the rate of wage paid in the locality by virtue of collective bargaining agreements between bona fide labor organizations and employers of the private sectors. *See* New York Labor Law § 220.

25.     New York Labor Law § 220 also requires that the laborers, workmen and mechanics upon such public work be provided "supplemental benefits" at the prevailing rate. "Supplemental benefits" are all forms of remuneration for employment paid in any medium other than cash, including but not limited to health, welfare and non-occupational disability insurance, retirement and vacation benefits, holiday pay and life insurance. The prevailing rate of supplemental benefits is determined in the same manner as wages. *See* New York Labor Law §

220.

26. Upon information and belief, under the Contracts, the prevailing wage and supplemental benefit rate for non-overtime or premium hours worked was in excess of $50 to $80 per hour depending on the type of work performed, the location of the work performed, and the year it was performed.

27. The Named Plaintiff and members of the putative class performed various types of construction work at the sites of the Projects for Denville.

28. Named Plaintiff Stubits was employed by Denville between June 2011 and November 2016.

29. Named Plaintiff Stubits worked on various New York and New Jersey projects.

30. During his employment, Named Plaintiff regularly worked no less than eight hours per day on the Projects.

31. Named Plaintiff was not paid the correct wage and/or supplemental benefit rate for all hours worked on the Projects

32. Additionally, when Named Plaintiff worked overtime on the Projects, he was not paid the correct wage and/or supplemental benefit rate for all hours worked, including time worked in excess of eight hours per day or forty hours per week (overtime) and/or work performed on weekends, evenings, and holiday (premium wages).

## FIRST CAUSE OF ACTION
## AGAINST DEFENDANT DENVILLE --
## BREACH OF THE CONTRACTS

33. Named Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs.

34. Upon information and belief, the New York and New Jersey Contracts entered into

by Defendant Denville with government entities or with prime contractors, contained a requirement to pay Named Plaintiff and the putative class at the prevailing rates of wages and supplemental benefits for the work they performed.

35. Those prevailing rates of wages and supplemental benefits were made a part of the Contracts for the benefit of Named Plaintiff and the other members of the putative class.

36. Defendant Denville breached the Contracts by willfully failing to pay and ensure payment to Named Plaintiff and the other members of the putative class the prevailing rates of wages and supplemental benefits at the proper trade classification rates for all labor performed upon the Projects.

37. By reason of its breach of each Contract, Defendant Denville is liable to Named Plaintiff and the other members of the putative class in the amount to be determined at the trial, plus interest, costs and attorneys' fees.

## SECOND CAUSE OF ACTION
## AGAINST DENVILLE FOR
## **FAILURE TO PAY THE NEW JERSEY PREVAILING WAGE**

38. Named Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs.

39. New Jersey Statute 34:11-56.40 concerning Wages on Public Work provides that "if any workman is paid less than the prevailing wage to which such workman is entitled under the provisions of this act such workman may recover in a civil action the full amount of such prevailing wage less any amount actually paid to him or her by the employer, together with costs and such reasonable attorney's fees."

40. Defendant willfully paid Named Plaintiff and the other members of the putative class less than the prevailing rates of wages and supplemental benefits to which Named Plaintiff

and the other members of the putative class were entitled for the labor which they furnished to Denville on Projects located in New Jersey.

41.     Due to its failure to pay prevailing wages and supplemental benefits, Defendant Denville is liable to Named Plaintiff and the other members of the putative class in the amount to be determined at the trial, plus interest, costs and attorneys' fees.

**WHEREFORE**, Named Plaintiff and the members of the putative class demand judgment:

(1) on their first cause of action against Defendant Denville in an amount to be determined at trial, plus interest, costs and attorneys' fees;

(2) on their second cause of action against Defendant Denville in an amount to be determined at trial, plus interest, costs and attorneys' fees;

(3)  such other and further relief as to the Court may deem just and proper.

Dated:  New York, New York
          January 5, 2018

                                             VIRGINIA & AMBINDER, LLP

                                             /s/ LLOYD AMBINDER
                                             Virginia & Ambinder, LLP
                                             Lloyd Ambinder, Esq.
                                             40 Broad Street  --  7th Floor
                                             New York, N.Y. 10004
                                             212-943-9080

                                             and

                                             Innessa Melamed Huot, Esq.
                                             Faruqi & Faruqi, LLP
                                             685 Third Avenue -- 26th Floor
                                             New York, NY 10017
                                             212-983-9330

                                             *Attorneys for Plaintiff and the Putative Class*